-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZAID YOUSEF,

        Petitioner,

    -v-

BRIAN FISCHER, Supt., Sing Sing C.F.,

        Respondent.

DECISION AND ORDER
04-CV-0747F

Petitioner, Zaid Yousef, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in County Court, Monroe County, State of New York, entered June 17, 1994, was unconstitutionally obtained, as set forth more precisely in the petition. By Order filed September 24, 2004, petitioner was directed to file information regarding why the petition, filed on September 16, 2004, was not untimely under 28 U.S.C. § 2244(d)(1). This section amended the habeas corpus statute in 1996 and imposed a one-year statute of limitations on the filing of § 2254 habeas petitions. The limitations period is counted from --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On October 18, 2004, petitioner filed his response ("Timeliness Response"). The Court has examined the response and finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244. Specifically, petitioner's judgment became final and his time expired to seek direct review of his conviction on September 23, 1997,[1] when his time to file a writ of certiorari with the United States Supreme Court expired. *Walker v. Artuz*, 208 F.3d 357, 358 (2d Cir. 2000) (holding that petitioner's conviction became final "when his time expired to seek direct review by writ of certiorari to the United States Supreme Court"), *rev'd on other grounds sub nom. Duncan v. Walker*, 533 U.S. 167 (2001). Petitioner did not file this habeas corpus petition until September 16, 2004, just one week shy of seven years (2,550 days) after his conviction became final under § 2244(d)(1)(A) (September 23, 1997) and one week shy of six years (2,185 days) after the one-year statute of limitations expired (September 23, 1998).

Petitioner's explanation does not provide any information which would permit the Court to extend the limitations period beyond the one year. While petitioner does indicate that he filed three separate state court collateral attacks on his conviction, none of them sufficiently toll the statute for purposes of rendering the petition timely. *See* 28 U.S.C. §

---

[1] Petitioner was denied leave to appeal to the New York Court of Appeals on June 25, 1997. *People v. Yousef*, 90 N.Y.2d 866, 661 N.Y.S.2d 193 (N.Y. 1997) (TABLE).

2244(d)(2). In fact, the two later collateral attacks noted in petitioner 's Timeliness Response--filed on February 2, 2002 and October 23, 2003--were filed after the one year statute of limitations expired on September 23, 1998. The first collateral attack was filed shortly after petitioner's conviction and well before the judgment of conviction became final for purposes of the starting of the statute of limitations. See 28 U.S.C. § 2244(d)(1)(A).

The one-year period of limitations on a petition for habeas corpus is tolled only for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending." 28 U.S.C. § 2244(d)(2). This toll is just that, a suspension of the statute of limitations clock; it does not restart the one year limitations period each time a collateral attack is filed. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) ( the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Put another way, tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired. Since the statutory period expired before petitioner filed the later two collateral attacks, the tolling provision is simply inapplicable and the petition is untimely.

Further, petitioner has not identified any "extraordinary circumstance" which made it impossible to file his petition within the one-year time period. Therefore, petitioner has failed to provide a basis for the Court to extend the limitations period beyond the one year. See Smith, 208 F.3d at 17 ("In order to equitably toll the one-year period of limitations, [a

petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. ... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll").

The burden is on the petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling to his situation. *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)), *cert. denied*, 536 U.S. 925 (2002). As noted, petitioner has not provided any justification or "circumstances", let alone "extraordinary" ones, for equitably tolling the period of limitation and, therefore, the Court must apply the statute as written and dismiss the petition as untimely.

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.

Dated:   MAY 18, 2005
         Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge